IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREA ANDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MARKEITA BANYA, WELL WOMAN, LLC, LIFE TIME FITNESS, INC., LIFESPA, JOHN and JANE DOE 1-10, and XYZ CORP. 1-10,<br><br>    Defendants. | Civil Action File No.:<br><br>_____ |

## NOTICE OF REMOVAL

Defendant Life Time Fitness, Inc. ("Life Time") files this notice of removal under 28 U.S.C. § 1446(a) to remove this action from the Superior Court of Cobb County, Georgia to the United States District Court of the Northern District of Georgia.

**A.   Background**

1.   Life Time operates a chain of health clubs throughout the United States and Canada, including six facilities in Georgia. At some locations, Life Time offers a full range of spa services, including skin treatments, performed by medically

1

qualified staff. Life Time has offered its spa services under the brand "LifeSpa," which is not a separate legal entity.

2. Plaintiff, Andrea Anderson, claims personal injury damages stemming from the injection of a facial filler, Juvederm, and also seeks to represent a class of all Georgia citizens that received a Juvederm treatment at Life Time within a five-year period.

3. Plaintiff has also sued the individual, Markeita Banya, who allegedly performed her treatment, and that individual's business entity, Well Woman, LLC, as well as 20 "Doe" defendants that are jurisdictionally irrelevant.

**B.   Attachments to Notice of Removal**

Attached hereto and fully incorporated by reference are the following exhibits:

Exhibit 1 – Complaint with served discovery attached;

Exhibit 2 – Affidavit of Service on Life Time Fitness, Inc.; and

Exhibit 3 – Superior Court of Cobb County Notice of Removal.

**C.   Notice of Removal is Timely.**

4. 28 U.S.C. § 1446(b) restricts the time for defendant to remove a case within thirty days of receipt by service:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through the service or otherwise, of a copy the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Life Time was served with the Complaint for Damages on March 18, 2019. This Notice is thus timely.

**D.   Removal Is Appropriate Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).**

5.   CAFA vests the federal district court with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

   a.   <u>Plaintiff proposes a class action with more than 100 members.</u>

6.   The Plaintiff seeks certification of a class. (Complaint ¶¶ 62 *et. seq.*) The Plaintiff alleges that the class is "composed of hundreds, and perhaps more, class members." (*Id.* at ¶ 71.)[1]  CAFA's putative class requirement is therefore satisfied.

---

[1] This citation is to the second paragraph numbered 71, found on page 11 of the Complaint. Plaintiff also vaguely alleges a "subclass." This appears to be the result

3

b.  <u>The amount in controversy exceeds $5,000,000, exclusive of interest and costs.</u>

7. The Complaint alleges "hundreds, and perhaps more" (i.e., thousands), of putative class members. First, Plaintiff demands that Defendants should "pay back" every putative class member the cost of his or her Juvederm treatment. The cost of Plaintiff's Juvederm treatment was $450. (Complaint ¶ 78 *et. seq.*) Because all facial fillers like Juvederm are only temporary treatments (lasting from 6-12 months), putative class members—on Plaintiff's alleged theory—would have claims for a refund of the cost of multiple treatments. Thus, during the alleged five-year ("or potentially longer") class period, Plaintiff is facially alleging "pay back" damages running into millions of dollars. Second, Plaintiff seeks to force the divestiture of Defendants' respective businesses, including Life Time's "real, or personal property" at its Georgia locations. (Complaint ¶ 80(a).) In addition, Plaintiff seeks treble and "uncapped" punitive damages under O.C.G.A. § 16-14-6(c), as well as equitable relief that would force costly changes to Life Time's business model. (Complaint ¶ 80 *et. seq.*) CAFA's amount-in-controversy requirement is therefore satisfied.

---

of a cut-and-paste from a pleading in another case involving the "ERISA class" referred to in ¶ 74.

   c. <u>Diversity between the parties.</u>

8. Because Life Time is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota and, on information and belief, Plaintiff is a citizen of the State of Georgia, as are the members of the putative class, at least one defendant is diverse from at least one member of the putative class. CAFA's minimal diversity requirement is therefore satisfied. 28 U.S.C. § 1332(d)(2).

   d. <u>Life Time is not a state, state official, or government entity.</u>

9. Life Time is a privately-held corporation.

**E. Removal is Alternatively Appropriate Under 28 U.S.C. § 1331.**

10. Plaintiff flatly alleges that with respect to the Defendants' alleged "sales to Georgia consumers of injectable Juvederm containing lidocaine, no recognized legal exception exists for the allowable sale of this dangerous drug to Plaintiff and the Georgia RICO class under O.C.G.A. § 16-13-72, or any other Georgia statute . . . [and is thus] a violation of the Dangerous Drug Act." (Complaint ¶¶ 72 & 73.)

11. Juvederm is a Class III medical device, approved by the Food and Drug Administration through the premarket approval process under the Medical Device Amendments of 1976, 21 U.S.C. § 360c *et seq.*, to the Food, Drug & Cosmetic Act. Under this regime, the FDA enjoys exclusive enforcement rights that are reinforced

by the MDA's express preemption clause. Plaintiff's state-law claims—all of which depend on labeling Juvederm a "dangerous drug"—are thus barred and depend on the validity, construction, or effect of federal law. This action thus arises under federal law within the meaning of 28 U.S.C. § 1331.

**F.   This Is the Appropriate District Court To Which To Remove This Action.**

12.   28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Because the district and divisions of this Court embrace the place where the removed action has been pending (Cobb County, Georgia), this is the appropriate court to which to remove this action.

**G.   Consent to Removal is Unnecessary under CAFA.**

13.   CAFA authorizes removal by a single defendant. No further consents are required.

## CONCLUSION

For all of the above reasons, and based on 28 U.S.C. §§ 1331 and 1332, the Complaint is properly removed to this United States District Court for the Northern District of Georgia, as permitted in 28 U.S.C. §§ 1441 and 1446. Life Time hereby

retains and does not waive the right to assert all available defenses and does not/should not be considered to admit to the claims or assertions alleged by Plaintiff in the Complaint.

Respectfully submitted, this 17th day of April, 2019.

                                    *s/ James J. Leonard*
                                    James J. Leonard
                                    Georgia Bar No. 446655
                                    Christina M. Baugh
                                    Georgia Bar No. 241880
                                    Barnes & Thornburg LLP
                                    3475 Piedmont Road, NE, Suite 1700
                                    Atlanta, Georgia 30305
                                    Main: (404) 846-1693
                                    Fax:  (404) 264-4033
                                    jim.leonard@btlaw.com
                                    christina.baugh@btlaw.com

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared with Times New Roman 14 font, one of the fonts required by this Court in Local Rule 5.1C.

*/s/ James J. Leonard*
James J. Leonard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of April, 2019, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing, and via e-mail, to the following attorneys of record:

Randy Edwards, Esq.
randy@cochranedwardslaw.com
Paul A. Piland, Esq.
paul@cochranedwardslaw.com
Jeff G. Casurella, Esq.
jeff@cochranedwardslaw.com
Cochran & Edwards
2950 Atlanta Road
Smyrna, Georgia 30080

*s/ James J. Leonard*
James J. Leonard
Georgia Bar No. 446655

DMS 14316689.5